THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:



DATED: February 20, 2018

Susan V. Kelley
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re
Thomas Pascal,
              Debtor.

Chapter 13
Case No. 17−29659−svk

### ORDER DIRECTING PARTIES TO ENGAGE IN
### MORTGAGE MODIFICATION MEDIATION
### USING DMM PORTAL

No objections have been filed and sustained to the motion of the above−named debtor (the "Debtor") to enter the Mortgage Modification Mediation ("MMM") Program with Carrington Mortgage Services, LLC (the "mortgage creditor"), and IT IS THEREFORE ORDERED:

1. Within 7 days of entry of this Order, the Debtor's counsel will submit the mortgage creditor's required loan modification documents (the "Documents") by filing the Documents with the DMM Loss Mitigation Web Portal (the "Portal").[1] Counsel for the Debtor will pay directly to the Portal the sum of $40. The Portal fee is nonrefundable.

2. Upon completion of delivery of the Documents through the Portal, the Debtor will file with the Court a "Certification of Readiness for Mediation."

3. Promptly after filing of the Certification of Readiness for Mediation, the Clerk will select a mediator from this Court's list of approved mediators, and notify the parties and the Mediator of the appointment.

4. The mortgage creditor will receive documents via the Portal.

5. Promptly after receiving the notice of appointment, the Mediator will contact the parties and schedule the mediation session. The Mediator and the parties may agree

---

[1] Questions about registration for the Portal or posting of the required Documents can be directed to DMM Support at 1−800−481−1013 or support@defaultmitigation.com.

to conduct one or more telephone conferences prior to the in–person mediation session and up to two telephone conferences after the in–person mediation session.

6. The mediation session may include the negotiation of a modification of the Debtor's mortgage loan, whether by new payment terms, reduction or forgiveness of principal, interest, escrow shortage, advanced costs (e.g. real estate tax advance), surrender or sale of the mortgaged property or otherwise. Disputes concerning the amount of the mortgage creditor's claim, application of payments, and standing of the mortgage creditor to seek foreclosure are not included in the MMM Program.

7. No later than 14 days after appointment of the Mediator, the Debtor and the mortgage creditor will pay, directly to the Mediator, the sum of $200 each. The Debtor's personal check will not be accepted, but the Debtor's attorney's check will be acceptable. The mediator is not required to perform any services or analysis until the fee has been received. The mediation fee is nonrefundable.

8. The mortgage creditor will designate a representative with knowledge of all of the mortgage creditor's loss mitigation programs with either full authority to make a final decision on the modification or access to an underwriter with full authority to make a final decision on the modification. The representative will continuously attend all scheduled mediation sessions by telephone or video conference. The mortgage creditor's attorney is expected to appear in person or by video conference at the mediation session.

9. All statements made by the parties, attorneys and other participants at or associated with the mediation shall be privileged and not reported, recorded or placed into evidence, made known to the Court or construed for any purposes as an admission. No party shall be bound by any statement made or action taken at the mediation conference unless an agreement is reached. The mediator will keep confidential all statements made at the mediation, and will report to the Court only the results of the mediation.

10. The automatic stay is modified, to the extent necessary, to permit the mortgage creditor to request information, evaluate and analyze the Debtor's financial situation, participate in the mortgage modification process and negotiate, offer and enter into any loan modification terms.

11. The Debtor will comply with all payment terms in the Motion to Participate in the MMM Program. **Failure to comply with payment terms may result in relief from the automatic stay being granted to the mortgage creditor.** The Debtor's compliance with all payment terms in the Motion to Participate and good faith efforts to provide required documents will constitute a defense to the mortgage creditor's Motion for Relief from Stay.

12. All parties are directed to comply with the express terms of this Order and to engage in the mediation process in good faith, including, without limitation, communicating with one another through the Portal with regard to any missing or additional documentation needed and providing the requested documentation through the Portal in a timely manner.

13. Unless the parties expressly agree in writing, the mediation sessions will conclude no later than 60 days after the date of the Notice of Appointment of Mediator. The Mediator will file a Report of Mediation no later than 7 days after the conclusion of the final mediation session. If neither a written extension nor the Report is filed within 75 days from date of the Notice, the Mediator's appointment will be terminated and the MMM Program will be deemed concluded in this case.

14. The Debtor and the mortgage creditor are directed to promptly take all necessary and appropriate actions to formalize the modification, including filing an amendment to or withdrawal of the mortgage creditor's claim, and/or filing a modified plan.

#####